IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 03-00560 SOM |
| | ) | |
| Plaintiff, | ) | STATEMENT RELATING TO |
| | ) | SECOND REVOCATION |
| vs. | ) | SENTENCE IMPOSED IN 2015 |
| | ) | |
| WALLACE I. SHIMABUKURO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### STATEMENT RELATING TO SECOND
### REVOCATION SENTENCE IMPOSED IN 2015

As the court has already noted in an order filed on July 17, 2017, as ECF No. 701, when the court in 2015 imposed intermittent confinement as a condition of supervised release on the second revocation, intermittent confinement was permitted only as a *modification* of an existing sentence. *See* 18 U.S.C. § 3583(d) (stating that intermittent confinement, as set forth in 18 U.S.C. § 3563(b)(10), may be imposed as condition of supervised release only in accordance with 18 U.S.C. § 3583(e)(2), which governs modification, not revocation, of supervised release). As also explained in the earlier order, this "modification" restriction took effect in 2008.

Particularly because Defendant Wallace Shimabukuro is proceeding *pro se*, this court thinks it might be helpful to add to that explanation the clarification that, in addition, intermittent confinement could only occur "during the first year of the term of probation or supervised release." *See* 18 U.S.C. § 3563(b)(10). This "first year" restriction had been in effect when Shimabukuro committed the underlying drug offense and when he was originally sentenced in this case in 2005, and it has continued in effect to the present. Any modification of conditions of supervised release in 2015 in connection with the second revocation proceeding would have occurred long past the first year of the pre-existing supervised release term that had been imposed on the first revocation in 2013. Thus, the court could not, in 2015, impose intermittent confinement by simply modifying the existing supervised release conditions.

When the court revoked supervised release on the second revocation in 2015, it sentenced Shimabukuro to "time served" and a brand new supervised release term. Intermittent confinement could then be completed during the first year of the new supervised release term that began in 2015, satisfying the "first year" restriction.

APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii; July 21, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Shimabukuro, Cr. No. 03-00560 SOM, STATEMENT RELATING TO SECOND REVOCATION SENTENCE IMPOSED IN 2015