IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00560 SOM |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER REGARDING DISPUTED CLAIMS TO SEIZED PROPERTY |
| vs. | ) ) | |
| WALLACE SHIMABUKURO, JR. (04), | ) ) ) | |
| Defendant. | ) ) | |

**ORDER REGARDING DISPUTED CLAIMS TO SEIZED PROPERTY**

If all claimants to seized property are in agreement as to how the property should be disbursed, they should promptly so inform the court.

If, however, there is no such agreement, then each claimant is directed to provide a written statement to this court under penalty of perjury as to which specific items are claimed. Each claimant may request of the Probation Office a copy of photographs taken of the items and may attach to the claimant's written statement photographs on which the claimant has circled or otherwise marked the claimed items. If all seized items are claimed by an individual, then a simple written statement to that effect will suffice to identify the claimed items. The foregoing are only suggestions as to how to identify claimed items, and a claimant may opt for a different method. No matter which method is chosen, the statement must be under penalty of perjury and must additionally include a brief description of any evidence the

claimant is able and willing to provide to support his or her claim.  The description need not include actual supporting documents; the description may instead state the nature of such evidence (e.g., receipts, business records, oral testimony, etc.).  Statements must be filed with the court no later than October 3, 2017.  The United States is ordered to inform all claimants known to the United States about this deadline, which may be extended upon a showing of good cause.

If there is a dispute over any seized item, the court asks the parties to weigh in on the appropriate procedure this court should follow.  One possibility is that the court order the United States to file an interpleader action.  This would allow the resolution of disputed claims to be the subject of normal civil discovery, motions, and, if required, a trial.  It is not clear, however, that any claimant would be entitled to court-appointed counsel.

Another possibility is for this court to retain this matter as part of the criminal case, in much the same way as disputed claims are resolved when an indictment includes a forfeiture count, and a nonparty asserts an interest in the property that is the subject of the forfeiture count.

Whatever route is taken, the court is presently contemplating appointing an expert witness under Rule 706 of the Federal Rules of Evidence to assist the court in evaluating the

2

competing claims. The expert could, for example, opine on the rarity or features of a particular item that might make it more likely than not that a particular individual's claim was valid or invalid.

The court proposes the following: (1) a split of the cost of such an expert between the United States and Mr. Shimabukuro (whose costs might be paid from Federal Public Defender funds if this remains a criminal case), with a limited contribution from the court;[1] (2) the submission by the United States and Mr. Shimabukuro of a maximum of 3 names each as recommended expert witnesses for the court to consider appointing, with each name to be of an individual (not necessarily living in Hawaii) with no financial or other personal relationship to the submitting party and with each name to be accompanied by a resume indicating the expertise of the suggested individual (e.g., expert in coins only, expert in stamps only, expert in jewelry, expert in both stamps and coins, etc.) and the individual's agreement to serve if selected by this court; (3) the issuance of a detailed order setting forth the terms and

---

[1] The court is assuming that the United States would benefit from having an expert weigh in, to the extent the United States sees itself as supporting the rights of an alleged victim of a burglary. The court is also assuming that, to the extent Mr. Shimabukuro plans to dispute such a victim's claim, Mr. Shimabukuro would appreciate having an expert weigh in. The court may set a maximum on the expert's hourly rate and total fees.

conditions of any appointment, with the order issuing only after counsel for the United States, Mr. Shimabukuro, and affected claimants had a chance to comment on a draft of the order; and (4) an opportunity for the United States, Mr. Shimabukuro, and any affected claimant to review and comment on any portion of a report, statement, or opinion provided by the expert to the court that may affect that party or claimant.

If there are disputes among claimants, then, no later than October 9, 2017, the United States and Mr. Shimabukuro must provide written comments to this court concerning the appropriate procedure to be followed. This may include comments on the concept of court-appointed expert witnesses and how they would be compensated.[2]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 20, 2017.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

---

[2] Rule 706 provides for compensation in a criminal case "from any funds that are provided by law." The parties may want to address what those words mean.

United States of America v. Wallace Shimabukuro, Jr.
CR. NO. 03 00560 SOM, ORDER REGARDING DISPUTED CLAIMS TO SEIZED PROPERTY